T.C. Summary Opinion 2009-58

UNITED STATES TAX COURT

TERESA JOHNSON, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6956-07S.               Filed April 30, 2009.

Teresa Johnson, pro se.

Randall L. Eager, for respondent.

GUSTAFSON, Judge:  This case was heard pursuant to the

provisions of section 7463[1] in effect when the petition was

filed.  Pursuant to section 7463(b), the decision to be entered

---

[1]Unless otherwise indicated, all citations to sections refer
to the Internal Revenue Code of 1986 (26 U.S.C.) in effect for
the tax year at issue, and all citations to Rules refer to the
Tax Court Rules of Practice and Procedure.

is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS) determined a $2,735 deficiency in petitioner Teresa Johnson's 2005 Federal income tax. The issues for decision are: (i) Whether Ms. Johnson is entitled to the dependency exemption deduction for her niece under sections 151(c) and 152(c); (ii) whether Ms. Johnson is entitled to the child tax credit for her niece under section 24(a); and (iii) whether Ms. Johnson is entitled to an earned income tax credit under section 32(a)(1). This Court has no doubt that Ms. Johnson did, as she testified at trial, "take care of * * * [her niece] like she was * * * [her] daughter". However, based on the facts proved at trial, Ms. Johnson is not entitled to these tax benefits.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts filed December 8, 2008, and the attached exhibits are incorporated herein by this reference. At the time that she filed her petition, Teresa Johnson resided in South Carolina.

### Teresa Johnson's Relationship and Living Arrangements With Her Niece

During 2005 Teresa Johnson was single and lived in Hollywood, South Carolina, at the same address with (i) her mother, (ii) her two sisters, Nola L. Johnson and Dionna Johnson,

and (iii) her 3-year-old niece, SS,[2] who is the daughter of Dionna Johnson and Antonio Smalls.

Sources of Income in the Household

During 2005 Teresa Johnson, her sister Nola L. Johnson, and her mother all had sources of income. Teresa Johnson was a full-time employee at Sebring Island Security and also received income from her service in the U.S. Army National Guard. In total, Teresa Johnson's adjusted gross income was $23,176 in 2005. Nola L. Johnson was also employed full time and her adjusted gross income was $29,798 in 2005. During 2005 Teresa Johnson's mother received Social Security benefits. However, Teresa Johnson's other sister and SS's mother, Dionna Johnson, was unemployed and had no income during 2005.

SS's Sources of Support

As explained below in more detail, support for SS came from a number of sources,[3] including (i) Teresa Johnson's great-uncle,

_____

[2]It is the policy of this Court not to identify minors. We refer to Teresa Johnson's niece by using her initials. Rule 27(a)(3).

[3]SS's mother Dionna Johnson testified that Teresa Johnson supported her and SS during 2005 and that her mother's Social Security benefits did not cover any of the costs for SS. However, this testimony is contradicted by Teresa Johnson's testimony that her mother's Social Security benefits covered approximately 80 percent of their household's utility costs, which are, in part, a cost of supporting SS. Furthermore, Dionna Johnson did not provide specific information as to the type or monetary amount of support Teresa Johnson provided for her or SS. In addition, Teresa Johnson testified that she is not in

(continued...)

who provided their housing; (ii) Teresa Johnson's mother, who covered approximately 80 percent of utility costs; (iii) Teresa Johnson, who covered approximately 20 percent of utility costs (and possibly a portion of medical and clothing costs); (iv) the State of South Carolina, which provided food stamps to cover food costs; (v) Medicaid, which covered some or all medical costs; and (vi) SS's mother, who provided daily childcare for SS. From the record it is unclear whether the above sources also paid other expenses incurred in supporting SS or whether other persons (such as SS's father) provided SS with any support.

The house where Teresa Johnson resided in 2005 was owned by her great-uncle, and neither she, nor the other occupants, paid any rent or mortgage payments. During 2005 the only utility costs which were shown as having been paid for the house were gas and electricity, which were paid first by Teresa Johnson's mother's Social Security benefits; the remainder of those utility costs, approximately 20 percent, were paid by Teresa Johnson. Neither Teresa Johnson nor the other occupants had a water bill because they lived in the country and their water was free.

_____

[3](...continued)
possession of any receipts or any other documentation substantiating her support costs for SS during 2005, nor did she offer any such receipts or documentation into evidence. However, as is explained in the discussion infra Section I., this lack of substantiation does not affect the outcome of this case.

During 2005 the State of South Carolina provided food stamps to cover the cost of food for SS and Teresa Johnson's mother. From the record it is unclear whether Mr. Smalls, the father of SS, provided any support for SS during 2005. There were no daycare costs for SS during 2005, because SS's mother Dionna Johnson provided daily childcare for SS.

During 2005 SS was fully covered by Medicaid and she had no extraordinary medical costs or hospital bills. The record does not show whether there were any medical costs for SS that were not paid by Medicaid during 2005, and if so, who paid them. It is also unclear how much, if any, of SS's clothing was provided by Teresa Johnson.[4]

Notice of Deficiency

Teresa Johnson timely filed her 2005 Form 1040, U.S. Individual Income Tax Return, with the IRS on February 10, 2006. On that return she claimed a dependency exemption deduction for SS, the child tax credit for SS, and the earned income tax credit. Nola L. Johnson also claimed SS as a dependent on her 2005 Form 1040.

On January 26, 2007, the IRS mailed Teresa Johnson a statutory notice of deficiency for tax year 2005 that disallowed

---

[4]At trial Teresa Johnson first said that she provided 80 percent of SS's clothing, but later corrected her claim to 100 percent.

the dependency exemption deduction for SS, the child tax credit for SS, and the earned income tax credit.

## Discussion

Teresa Johnson has neither claimed nor shown that she satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue. She therefore bears the burden of proof. See Rule 142(a)(1).

## I. Applicable Law

The definition of a "dependent" and the support test changed from 2004 to 2005 because sections 151 and 152 were amended. The Working Families Tax Relief Act of 2004, Pub. L. 108-311, secs. 201, 206, 118 Stat. 1169, 1176, amended sections 151 and 152, effective for tax years beginning after December 31, 2004. While both parties appear to be aware of the new support test and the so-called tie-breaker rule effective for tax years beginning after December 31, 2004, they also discussed at trial and in their briefs the old support test, which is irrelevant for tax years beginning after 2004. In his post-trial brief, respondent cites section 1.152-1(a)(1), Income Tax Regs., for the proposition that "[i]n order to claim the [dependency] exemption [deduction], the taxpayer must provide over half of the dependent's support"; however, that regulation has not yet been amended to reflect the new support test enacted in 2004 and is invalid to the extent that it conflicts with the amended version

of sections 151 and 152.  This case involves the tax year 2005, in which the new support test and tie-breaker rule applies.

However, we note that even if the old support test applied, Teresa Johnson did not show that she provided over half of SS's support so as to satisfy that test.  It seems clear that Teresa Johnson provided more of SS's support than her sister Nola L. Johnson did.  However, SS received public aid and support from several other family members in 2005, and Teresa Johnson has not met her burden of proving that she provided over half of SS's support.  Teresa Johnson has proved only that she paid 20 percent of the household utility bills, an unknown amount of SS's medical costs that were not covered by Medicaid, if any, and possibly some clothing.

## II.  Dependency Exemption Deduction

Section 151(c) allows taxpayers an annual exemption deduction for each "dependent", which is defined in section 152(a) to include a "qualifying child".  Beginning with the tax year 2005, a qualifying child, like SS, must meet four tests set forth in section 152:  the relationship, residence, age, and support tests.  The claimed dependent must (i) be a child of the taxpayer, descendant of a child of the taxpayer, a brother, sister, stepbrother, or stepsister of the taxpayer, or a descendant of any such relative; (ii) have the same principal place of abode as the taxpayer for more than one-half of the tax

year; (iii) be under the age of 19, or a student under the age of 24; and (iv) not provide over one-half of his or her own support.

In his pretrial memorandum respondent concedes that SS meets the first three tests.[5]  Furthermore, the record shows that 3-year-old SS does not provide more than half of her own support and thus meets the support test.[6]  Therefore, SS is a qualifying child of Teresa Johnson under section 152.  However, under the four tests set forth in section 152, SS also appears to be a qualifying child of several other persons, i.e., SS's mother Dionna Johnson, Teresa Johnson's other sister Nola L. Johnson, and Teresa Johnson's mother.

The Internal Revenue Code does not allow every taxpayer for whom a child is a qualifying child to claim the child as a dependent.  Instead, SS can be treated as a qualifying child with

---

[5]SS is a descendant of Teresa Johnson's sister, and this satisfies the relationship test.  During 2005 SS lived with Teresa Johnson for the entire year, and this satisfies the residence test.  In 2005 SS was 3 years old, and this satisfies the age test.

[6]A taxpayer must establish the total cost of monetary "support" expended on behalf of a claimed dependent from all sources for the relevant year.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  The term "support" includes items such as "food, shelter, clothing, medical and dental care, education, and the like."  Id. To determine whether a claimed dependent provided more than half of the support for himself or herself, the amount of support provided by the claimed dependent is compared to his or her total amount of support.  Sec. 1.152-1(a)(2)(ii), Income Tax Regs.  No party alleges, nor does the record show, that SS had independent means of supporting herself.  Therefore, we find that SS did not provide over half of the total amount of support that she received and that SS therefore satisfies the support test.

respect to only one taxpayer for 2005.  And since both Teresa Johnson and her sister Nola L. Johnson claimed SS as a dependent on their 2005 Forms 1040, we must apply the tie-breaker rule set forth in section 152(c)(4)(A)(ii) to determine whether SS is treated as the qualifying child of Teresa Johnson or Nola L. Johnson for tax year 2005.  Under that rule, if neither taxpayer claiming SS is a parent, then SS is treated as the qualifying child of the taxpayer with the highest adjusted gross income for the tax year in question.

Neither Teresa Johnson nor Nola L. Johnson is a parent of SS.  Therefore, whoever had the higher adusted gross income in 2005 would be entitled to treat SS as her dependent.  In 2005 Teresa Johnson had adjusted gross income of $23,176 and Nola L. Johnson had adjusted gross income of $29,798.  Thus, Nola L. Johnson had the higher adjusted gross income, and only she--not Teresa Johnson--is entitled to a dependency exemption deduction for SS for 2005.

In so holding, we do not mean to imply that Nola L. Johnson provided most of the support for SS, nor that she provided more than Teresa Johnson provided.  On the contrary, we find that Teresa Johnson provided more of SS's support than her sister Nola L. Johnson did.  However, when sections 151 and 152 were amended for tax year 2005 to change the focus of the support test from the amount of support provided by the taxpayer to the amount of

support provided by the claimed dependent, Congress made the support test easier to meet and effectively gave families the discretion to decide which cohabitating relative could claim a dependent.  However, Congress still limited the number of taxpayers who could claim the dependent, and did so with a revised tie-breaker rule.  In the event that a family cannot agree on who should claim a dependent and multiple taxpayers attempt to claim the dependent on their tax returns, the tie-breaker rule will deny the claims of all but one taxpayer.  This rule is objective and has no exceptions for equity; it merely operates to resolve the quesion in an objective and non-intrusive way.  Despite the fact that Teresa Johnson took care of SS as if she were her own daughter and provided more support than her sister Nola L. Johnson, there is no basis under section 152 or otherwise for a court to override Congress's tie-breaker rule.

III. <u>Child Tax Credit</u>

A taxpayer may claim a child tax credit for "each qualifying child".  Sec. 24(a).  A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained the age of 17.  Sec. 24(c)(1).  We concluded above that under the tie-breaker rule SS is not to be treated as the qualifying child of Teresa Johnson for 2005 for purposes of section 152(c).  Accordingly, SS cannot be treated as a qualifying child of Teresa Johnson for purposes of section 24(a).

Teresa Johnson is therefore not entitled to a child tax credit for SS for 2005.

IV. Earned Income Tax Credit

Section 32(a)(1) allows an eligible individual an earned income tax credit against that individual's income tax liability.[7] As pertinent here, the term "eligible individual" is defined to mean "any individual who has a qualifying child for the taxable year".[8] Sec. 32(c)(1)(A)(i).

Under section 32(c)(3)(A), a qualifying child is defined the same as a qualifying child under section 152(c) without regard to the support test under section 152(c)(1)(D) or section 152(e).

---

[7]The amount of the credit is determined according to percentages that vary depending on whether the taxpayer has one qualifying child, two or more qualifying children, or no qualifying children. Sec. 32(b). The credit is also subject to a limitation based on adjusted gross income. Sec. 32(a)(2); see infra note 8.

[8]Section 32(c)(1)(A)(ii) defines an "eligible individual" as any other individual who does not have a qualifying child if (i) that individual resided in the United States for more than one-half of the year; (ii) that individual (and, if married, that individual's spouse) was over age 25, but under age 65, before the end of the year; and (iii) that individual was not a dependent of another taxpayer for the year. However, section 32(c)(1)(A)(ii) is of no help to Teresa Johnson, because even if we assume arguendo that she were an eligible individual with no qualifying children for 2005, she nonetheless would not be entitled to the earned income tax credit for 2005. That is because Teresa Johnson reported adjusted gross income of $23,176 in 2005. Section 32(a)(2) completely phases out the earned income tax credit for an eligible individual with no qualifying children where the taxpayer has adjusted gross income in excess of $11,750 for tax year 2005. See Rev. Proc. 2004-71, sec. 3.06(1), 2004-2 C.B. 970, 973.

We concluded above that under the tie-breaker rule SS is not to be treated as the qualifying child of Teresa Johnson for purposes of section 152(c). Accordingly, SS cannot be treated as a qualifying child of Teresa Johnson for purposes of section 32(a)(1). Teresa Johnson is therefore not entitled to claim an earned income tax credit for 2005.

To reflect the foregoing,

Decision will be entered for respondent.